[Cite as *State v. Parks*, 2016-Ohio-1178.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2015CA00108 |
| NELSON PARKS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal Court,
                                  Case No. 2014CRB5268


JUDGMENT:                         Reversed


DATE OF JUDGMENT ENTRY:           March 21, 2016


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant


JOSEPH MARTUCCIO                          KIMBERLY STOUT
Canton Law Director                       201 Cleveland Ave. S.W.
CHRISTY DONNELLY                          Suite 104
Assistant City Prosecutor                 Canton, Ohio 44702
218 Cleveland Ave SW
Canton, Ohio 44702

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Nelson Parks appeals his conviction on one count of criminal trespass, in violation of R.C. 2911.21, entered by the Canton Municipal Court. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE[1]

**{¶2}** On October 21, 2014, Appellant entered the North Branch location of the Stark County District Library, bringing with him personal items in a bag, placing them on a table for display and study. The personal items included trash and debris. Library Security Officer Michael Osbourne approached Appellant, with intention to ask Appellant to leave.

**{¶3}** Appellant left the library without incident and without interaction with security personnel. However, Security Officer Osbourne alleges he attempted to call out to Appellant while he was in the area outside the library in a nearby ballfield, telling him if he returned prior to April 21, 2015, the police would be called and he would be charged with criminal trespassing. Officer Osbourne does not recall if Appellant acknowledged or otherwise indicated he heard the warning. Tr. at 15.

**{¶4}** On November 19, 2014, Appellant returned to the North Branch location of the Stark County District Library, again carrying trash and debris with him in his personal bags, displaying the same on a table. Security Officer Osbourne approached Appellant asking him to leave. Appellant refused to leave, and was served with a Notice of Violation.

---

[1] We note the state of Ohio did not file an appellate brief in this matter. As such, pursuant to Appellate Rule 18(C), this Court may accept the appellant's statement of the facts and issues as correct.

The state maintains the Notice of violation was originally prepared on October 21, 2014, but was not handed to Appellant or served upon him until November 19, 2014.

{¶5} As a result of the incident Appellant was charged with one count of criminal trespass, in violation of R.C. 2911.21, a misdemeanor of the fourth degree.

{¶6} On May 5, 2015, the matter proceeded to a trial to the court in the Canton Municipal Court. Via Judgment Entry of the same date, the trial court found Appellant guilty of the charge, and sentenced Appellant to thirty days in the Stark County Jail, suspending all but ten days on the condition Appellant have good behavior for two years and no contact with the Stark County District Library for two years. The no contact order was vacated on May 14, 2015.

{¶7} Appellant appeals, assigning as error,

{¶8} "I. THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶9} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held,

> "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable

doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶10} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals after reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. *State v. Thompkins, supra,* 78 Ohio St.3d at 387, 678 N.E.2d 541.

{¶11} In this case, Appellant was charged with one count of criminal trespass, in violation of R.C. 2911.21, which reads,

> (A) No person, without privilege to do so, shall do any of the following:
>
> ***
>
> (3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

{¶12} Here, the evidence presented at trial does not demonstrate Appellant had actual communication of notice he was not authorized to return to the North Branch location of the Stark County District Library until November 19, 2014 when he was served

with the Notice of Violation. The Notice of Violation given to Appellant on the same date as the date of Appellant's arrest is backdated to October 21, 2014 and indicates Appellant refused to sign. The Notice of Violation is dated at the signature line as of November 19, 2014. Accordingly, we do not find the Notice of Violation sufficient "actual communication" under the statute to Appellant against unauthorized access or presence prior to his entering or remaining on the premises of the North Branch location of the Stark County District Library on November 19, 2014.

{¶13} Further, Security Officer Osbourne's own testimony demonstrates he did not know if Appellant heard or acknowledged his warning not to return on October 21, 2014. Accordingly, the State did not prove actual communication to Appellant of notice not to return.

{¶14} Appellant's sole assignment of error is sustained.

{¶15} The May 5, 2015 Judgment Entry entered by the Canton Municipal Court is reversed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur